In the Matter of VILLAGE OF WALTON, Respondent, *v.* CITY OF NEW YORK et al., Appellants.

Third Department, October 27, 1966.

*J. Lee Rankin, Corporation Counsel (Theodore R. Lee, Seymour B. Quel, Francis T. Murray* and *William J. Kaercher* of counsel), for appellants.

*Francis R. Paternoster* for respondent.

HERLIHY, J. The respondent petitioned the Supreme Court for an order requiring the appellants to construct and maintain a sewage disposal system in accordance with a decision of the New York State Water Power and Control Commission made in 1950. The said commission was abolished in 1960 and its duties were transferred to the Water Resources Commission. In December of 1965 the State Department of Health conducted a public hearing regarding " alleged violations of Article 12 of the Public Health Law by the Village of Walton ", and ultimately ordered respondent to complete before a prescribed date " facilities to collect and treat all sewage and industrial wastes and other wastes generated in said Village ". In this depart-

mental hearing the appellants herein were not a party and the order entered therein in January of 1966 makes no reference to the afore-mentioned decision of 1950 or to the appellants herein. Accordingly, the obligation, if any, which the appellants may have neglected to comply with is that contained in the decision of 1950.

That decision made no finding as to the necessity for immediate additional treatment, but determined, *inter alia,* that the appellant, City of New York, " at its own expense, provide such treatment works as the State Department of Health might deem necessary in order to provide a satisfactory raw water at the reservoir site [Cannonsville Reservoir]." The decision also provided that before using the water from this source the City of New York must " construct or provide for such structures including sewage systems and sewage treatment plants as the State Department of Health may deem necessary ".

It is readily apparent that the decision of 1950 does not require the appellants to perform the relief requested in this proceeding, which is clearly contingent on a later administrative order, nor has any administrative determination by either the Water Power and Control Commission or its successors changed the determination made in 1950 that the raw water at the reservoir site was acceptable. Accordingly, the petitioner has not shown any duty on the part of the appellants nor has it shown any clear legal right to the relief it seeks. The Health Department hearing under article 12 of the Public Health Law has no connection with the raw water at the reservoir site and the ultimate determination is not in pursuance of any right reserved in 1950 under the reservoir approval order, but pursuant to the authority of the Water Pollution Control Board to abate and prevent the pollution of the waters of the State. (Public Health Law, § 1208; see *Matter of Town of Waterford* v. *Water Pollution Control Bd.,* 5 N Y 2d 171; *Matter of City of Johnstown* v. *Water Pollution Control Bd.,* 12 A D 2d 218, mot. for lv. to app. den. 9 N Y 2d 613.)

It appears from the present record that any remedy the petitioner seeks may lie in the first instance with the Department of Health and the appellants. The order issued by that department to undertake steps toward the actual construction of the disposal facilities in its present posture has no recognizable link or relation with the city's obligation under the 1950 order.

The judgment should be reversed, on the law and the facts, and the petition dismissed, without prejudice to such further proceedings as the petitioner herein may be advised to initiate.

Gibson, P. J., Reynolds and Staley, Jr., J., concur; Taylor, J., not voting.

Judgment reversed, on the law and the facts, and petition dismissed, without costs, and without prejudice to such further proceedings as the petitioner herein may be advised to initiate.